## LASWELL v. CARROLLTON FURNITURE MFG. CO. et al.

Court of Appeals of Kentucky.

June 20, 1952.

Rehearing Denied Oct. 17, 1952.

Morris Weintraub, Newport, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellees.

STEWART, Justice.

Appellant, Kathryn Laswell, was injured on October 15, 1948, while in the employ of appellee, Carrollton Furniture Manufacturing Company. Due notice of the accident was given to her employer on that date. On April 22, 1949, the parties entered into a lump sum settlement agreement and appellant was paid $1,002.27 as compensation and, in addition, $187.80 was paid for medical bills incurred by her in connection with her injuries. The settlement agreement was executed by the parties and receipts were signed by appellant evidencing the payments, but they were not filed with the Workmen's Compensation Board.

On July 29, 1949, appellant submitted a claim to her employer through its insurance carrier for additional compensation for her injuries. A series of conferences and negotiations then commenced between counsel for appellant and the adjuster for the insurance carrier concerning the extent of appellant's injuries. Appellant was examined by a doctor of her own choice and by the insurance carrier's doctor. Since there was a disagreement as to the findings of the two doctors, appellant's counsel suggested that a third doctor be selected by agreement and that both parties abide by his findings. This offer, however, was never accepted by the insurance carrier's home office. Negotiations continued until June 12, 1950, when the insurance carrier stated that it would not make any further payment to appellant.

Appellant then filed her application for an adjustment with the Workmen's Compensation Board on August 2, 1950. Her employer entered a plea in which it was alleged that when the claim was filed with the Board it was barred by limitations. The referee did not sustain the plea but

made an award. On review, the full Board reversed the order of the referee and held that the claim was barred by limitations. On appeal from the full Board review, the Carroll Circuit Court affirmed the decision of the full Board. This appeal is from the judgment entered thereon dismissing the claim.

Appellant urges the following grounds for reversal: (1) the action is not barred by limitations; (2) the employer is estopped from pleading the statute, if it is a bar; and (3) there was an acknowledgment and a new promise to pay.

KRS 342.270(1) reads as follows:

"If the parties fail to reach an agreement in regard to compensation under this chapter, or if they have previously filed such an agreement with the board and compensation has been paid or is due in accordance therewith and the parties thereafter disagree, either party may make written application to the board for a hearing in regard to the matter at issue and for a ruling thereon. Such application must be filed within one year after the accident, or, in case of death, within one year after such death, or within one year after the cessation of voluntary payments, if any have been made."

The foregoing statutory provision controls in the case at bar. It sets forth that a claim must be filed with the Board within one year after the date of the accident or, in case of death, within one year after the date of death, or within one year after the cessation of voluntary payments. Inasmuch as appellant's claim was filed on August 2, 1950, which was more than one year after the date the accident occurred on October 15, 1948, and which was also more than one year after the cessation on April 22, 1949, of voluntary payments by the employer, it is barred by limitations.

It is appellant's contention that the statute of limitations was tolled by the fact that the parties did not reach a disagreement until June 12, 1950, and that the statute should commence to run from the latter date. It was formerly the law that a claim, filed with the Board within one year after the date the parties had failed to agree, was in time if there had been a discussion as to the possible settlement of the claim. A 1948 amendment to KRS 342.270(1), which became effective before appellant's claim came into existence, eliminated the proviso that arrested the running of the statute during the effort to come to a settlement. The general rule relating to suspending the statute of limitations pending negotiations is thus stated in 54 C.J.S., Limitations of Actions, § 250, page 284:

"The mere pendency of negotiations for the adjustment of a controversy does not suspend the statutory prescription against an action on the claim involved. Where the negotiations result in an agreement to submit a controversy to the attorneys of the respective parties for them to advise a plan of settlement, but the attorneys do not act on such agreement, limitations are not tolled during the period of submission in the absence of a provision in the agreement specifically tolling limitations, and the mere fact that there are negotiations with a view of referring a disputed matter to arbitrators does not suspend the running of the statute, there being no express agreement to suspend legal remedies. to await the issue of the negotiations."

Appellant's argument that the employer is estopped from pleading the above statute as a bar and that there was an acknowledgment of appellant's claim and a new promise to pay it by the employer are not substantiated by any evidence. The correspondence between appellant's counsel and the adjuster for the insurance carrier does not reveal any facts upon which to predicate an estoppel. These two men merely negotiated as to a possible settlement and never at any time reached an agreement. No new promise to pay any additional amount to appellant was ever made by any one who could bind the employer.

Wherefore, the judgment is affirmed.