**PIPES CHEVROLET COMPANY and
Hunter A. Pipes, Appellants,**

**v.**

**Henry L. BRYANT, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

Rehearing Denied Feb. 11, 1955.

Allen, Duncan, Duncan & Arnold and Joseph L. Arnold, Lexington, for appellants.

Samuel H. Milner, Paris I. Jay Miller, Lexington, for appellee.

CLAY, Commissioner.

In this workmen's compensation case the Board dismissed the employee's claim because it was not filed within the one year period provided by KRS 342.185. On appeal the circuit court reversed the ruling of the Board.

Appellant was injured in December 1950. In September 1951 he was operated on for the removal of a herniated disc. Early in October 1951 an adjuster for the employer's insurance carrier visited the employee. There is some conflict in the testimony with respect to what occurred on this occasion. However, it does appear that the adjuster told the employee approximately what he would be entitled to by way of compensation. Also there seems to have been a discussion concerning the payment of doctors' bills. There were no further discussions between the parties with respect to the payment of compensation. The application for compensation was not filed until May of 1952, approximately 17 months after the date of the accident.

■ It is the employee's contention that the employer is estopped to rely upon the defense of limitations because the actions of the insurance adjuster led the employee to believe that his claim would be paid. He relies on the case of Clover Splint Coal Co. v. Lorenz, 270 Ky. 676, 110 S.W.2d 457. In that case the employee testified that the employer had promised to settle the claim and ployer had promised to settle the claim and

had asked the employee not to sue. In effect it was found that there was an agreement between the parties on which the employee could rely as a valid excuse for not bringing suit within the time allowed. We do not have in the present case the elements of a promise or an agreement not to sue. The transaction between the employee and the insurance adjuster was in the nature of negotiations for a settlement of the claim. We have recently held in Laswell v. Carrollton Furniture Mfg. Co., Ky.1952, 251 S.W.2d 296, that negotiations do not suspend the running of the time within which an application must be filed. See also Jefferson Development Co., Inc. v. Olinick, Ky.1954, 272 S.W.2d 676.

The employee also contends that by reason of the payment by the employer of part of a hospital bill the limitation period was extended. KRS 342.270(1) provides that an application must be filed within one year after the accident "or within one year after the cessation of voluntary payments, if any have been made."

The employee testified when asked if any doctors' bills had been paid by others as follows: "I lacked $96 when I came out of the hospital and he (an officer of the employer) gave a check for it and he said 'we will take that out of compensation when it comes in.'" The question is whether or not this payment was of such character as to be within the meaning of KRS 342.270-(1).

Apparently we have no Kentucky authority on this question, but the subject is dealt with at length in 144 A.L.R. 617 et seq. Decisions from other jurisdictions indicate differing views.

■ The wording of the particular statute or statutes involved would appear to be controlling. The latter part of KRS 342.270(1) refers to the "cessation of voluntary payments". Payments of what? The first part of this subsection relates to "an agreement in regard to compensation". It seems clear that the reference to "payments" necessarily means *payments of com-*

*pensation.* This conclusion is fortified by consideration of KRS 342.185, likewise dealing with the limitation period, which specifically refers to "payments of compensation * * * made voluntarily". It follows that the statute contemplates the limitation period is suspended during the period when the employer is making voluntary payments, in acknowledgment of liability, which are designated as compensation in other parts of the Act. We are of the opinion the payment of a part of a hospital bill is not compensation within the meaning of these statutes.

The judgment is reversed with directions to enter a judgment sustaining the order of the Workmen's Compensation Board.

CAMMACK, J., dissents.