**JEFFERSON DEVELOPMENT CO., Inc.
et al., Appellants,**

v.

**Jack OLINICK, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

Boehl, Stoper, Kilgarriff, Graves & Deindoerfer, James M. Graves, Louisville, for appellants.

W. C. Edrington, Louisville, for appellee.

CULLEN, Commissioner.

Jack Olinick was injured while working for the Jefferson Development Co., Inc. His claim for workmen's compensation was denied by the Workmen's Compensation Board, on the ground that he had not filed his claim within one year, as required by KRS 342.270. On appeal, the circuit court reversed the board and remanded the case with directions to the board to enter an award. The employer and the board have appealed from that judgment.

The alleged injury occurred on October 17, 1951. The claim for compensation was not filed until December 3, 1952. The employe sought to escape the bar of the statute on the ground that an adjuster for the employer's insurance carrier had made a promise, early in October 1952, to pay compensation. However, the board found as a fact, upon conflicting evidence, that the adjuster had done no more than make an offer of settlement, which the employe rejected, and which was withdrawn immediately after the rejection.

The board's finding of fact that there was no promise or agreement to pay compensation was supported by evidence of probative value. The board also was justified under the evidence in finding that the conduct of the employer and its insurance carrier was not such as to lull the employe into a belief that his claim would be paid so as to give rise to an estoppel.

It is our opinion that the order of the board was correct upon the law and the facts, and the circuit court erred in setting aside the order. Laswell v. Carrollton Furniture Mfg. Co., Ky., 251 S.W.2d 296; Pipes Chevrolet Co. v. Bryant, Ky., — S.W.2d —.

The judgment is reversed, with directions to enter judgment affirming the order of the board.