Mrs. Mary MILES, Appellant,

v.

GENERAL ELECTRIC COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

Jack A. Connor, Humphreys, Jones, Beard & Connor, Owensboro, for appellant.

Clarence McCarroll, Woodward, Bartlett & McCarroll, Owensboro, Lewis D. Jones, Frankfort, for appellees.

CAMMACK, Judge:

This is an appeal by Mary Miles from a judgment of the Daviess Circuit Court, which upheld a decision of the Workmen's Compensation Board denying her claim for compensation. The basis of the ruling was that her claim was barred by the statute of limitations. KRS 342.270(1).

Mrs. Miles received an injury to her ankle on August 16, 1949, when she stepped on a pickle in the Company's cafeteria while performing her duties as a janitress at its Owensboro plant. She was treated first at the plant aid station, and then was sent to the hospital. The X-ray taken there showed no broken bones. She returned to work the following afternoon and continued to report for work until her retirement on August 30, 1949.

Mrs. Miles continued to call at the office of the plant physician after her retirement, because of her injured ankle. She was sent to the hospital again in March or April, 1950, where a brace was made for her foot. She said her ankle continued to trouble her, and in the summer of 1953 a second brace was made for her. Her claim was filed in October, 1953.

All the bills for expense incurred by Mrs. Miles, which include hospital, doctors, braces and shoes, except her own doctor's bills, were paid by the Company. It is her contention that the payments of these bills were "voluntary payments" within the meaning of KRS 342.270(1) and that the statute did not begin to run until the cessation of the payments in the summer of 1953.

The question of whether the payment of part of a hospital bill would toll the statute was before this Court in the case of Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663, 664. In that case we held that the reference to "payments" in the statute means "*payments of compensation.*" That decision is controlling in this case.

Mrs. Miles insists also that the Company is estopped to rely on the statute of limitations because the Company doctor and an official of the Company told her she did not have a compensable injury. However, conduct which will operate as an estoppel to rely on the statute of limitations must be such as tends to lull the employee into a belief that his claim will be paid. Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663; Jefferson Development Company v. Olinick, Ky., 272 S.W.2d 676. Obviously, such was not the situation here.

Judgment affirmed.