**Albert BUCHANAN, Appellant,**

v.

**BUCHANAN COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1958.

Don A. Ward, Hazard, for appellant.

J. W. Craft, Jr., Craft & Stanfill, Hazard, for appellees.

MONTGOMERY, Judge.

Albert Buchanan appeals from a judgment which upheld an order of the Workmen's Compensation Board affirming the opinion and award of its referee dismissing his claim.

Appellant filed his application on June 12, 1956. He was injured on November 2, 1954, while working for the Buchanan Coal

Company. KRS 342.270(1) provides in part:

"* * * Such application must be filed within one year after the accident, * * * or within one year after the cessation of voluntary payments, if any have been made."

The employer's insurance carrier made compensation payments, ending December 12, 1954. The carrier arranged and paid for certain medical and hospital treatment. The employer made irregular payments in excess of allowable compensation from January 5, 1955, to and including June 5, 1955. Appellant stated that he considered these payments as a loan. I. H. Buchanan, Jr., secretary and treasurer of the coal company and first cousin of appellant, said that the payments were made to appellant "for living purposes". Part of the payments indicate that appellant was carried on the company payroll for a short time although he did only light work and was unable to perform his usual duties.

 Appellant argues that the payments made constitute "voluntary payments" within the meaning of the statute and that the employer is estopped to deny his claim.

In Pipes Chevrolet Co. v. Bryant, Ky., 274 S.W.2d 663, it was held that "payments" in the statute means payments of compensation and that payments for medical and hospital expenses do not constitute voluntary payments which toll the statute of limitations. This rule was approved in Miles v. General Electric Co., Ky., 280 S.W.2d 529. In a similar case, Browning v. Ford Motor Co., 287 Ky. 261, 152 S.W.2d 976, the same result was reached with reference to payroll payments. In the present case, the payments were considered by appellant to be a loan, made by the employer to enable appellant to meet his living expenses. As such, under the holding in the Browning case, they were not made in lieu of compensation and do not excuse appellant's failure to file his application for compensation within the period prescribed by the statute.

The contention also is made that the employer is estopped to deny compensation liability because medical treatment was afforded appellant less than one year before the filing of his application. The proof shows that the appellant and his employer knew that compensation payments had been stopped on December 12, 1954. There was a refusal by the insurance carrier in January 1956 to furnish any further medical treatment.

Appellant relies on Pipes Chevrolet Co. v. Bryant, Ky., 274 S.W.2d 663, to sustain his contention of estoppel. The holding there was adverse to a claim of estoppel and was based on the holding in Clover Splint Coal Co. v. Lorenz, 270 Ky. 676, 110 S.W.2d 457. In the latter case, the employee testified that the employer had promised to settle the claim and had asked the employee not to sue. As in the Pipes case, the elements of a promise or an agreement not to sue are absent here. Appellant has failed to show any conduct on the part of the employer or its insurance carrier upon which to base an estoppel.

Judgment affirmed.