Mildred MORGAN, Appellant,

v.

KAYS LAUNDRY & CLEANING, INC., et al., Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1959.

Rehearing Denied March 11, 1960.

Joseph C. Healy, Covington, William Isaacs, Cincinnati, Ohio, for appellant.

John J. O'Hara, Blakely, Moore & Blakely, Covington, for appellee.

MOREMEN, Judge.

This appeal is from a judgment of the Kenton Circuit Court which affirmed an order of the Workmen's Compensation Board denying compensation.

Appellant, Mildred Morgan, was employed by appellee, Kays Laundry & Cleaning, Inc. of Covington, Ky. On October 12, 1953, she was injured while operating a large cylinder type drum which contained about 600 pounds of clothing. A supervisor of the laundry ordered an ambulance and she was taken to a hospital where she was given medical aid. However, because of the over-crowded condition of the hospital, she was requested to return to her home, which she did. On December 7, upon advice, she went to another hospital where it was disclosed that she had suffered "a crushed vertebra."

On December 21, 1953, appellant sent a letter to the compensation board in which she described, with accuracy, the nature of her employment and the accident, the medical care she had received to date, the extent of her injuries and the amount of her wages. She stated that she had conveyed all of these facts to the insurance carrier and requested advice.

On January 4, 1954, the executive secretary of the board advised appellant by letter that an agent of the insurance carrier had requested copies of the medical reports from doctors who had treated her and asked to have her examined by its doctor. He advised her that the company was entitled to have these requests satisfied, and, in addition: "If, after complying with these requests, you still do not receive compensation, and still think that you are entitled to it, you have the right to file a claim in this office. Upon request, we will be glad to furnish the necessary forms therefor."

She satisfied the requests as to medical information, and compensation payment was commenced (as of the day of the accident) in the sum of $19.50 per week, and these payments were continued to and including January 4, 1955, at which time (or before) the insurance company was advised that she was able to work. A final tender was made in February 1955. During all this time no step was taken before the board, except the writing of the letter above summarized.

On December 21, 1956, almost two years after payment of compensation had ceased, appellant filed formal application (on board's Form 11) in which she claimed further compensation.

In a hearing before the board the issue was limited to whether appellant, Mildred Morgan, had filed a claim with the board within one year after the cessation of voluntary payments. The board found that she had not and, in effect, this finding was affirmed by the circuit court.

Appellant contends that her letter served not only to give notice of her accident, but also served as a compliance with those sections of the Compensation Act which require that a claim be filed before the board within definite time limits set forth in the Act. Appellee concedes that it had notice of the accident, but insists the letter did not constitute a filing of the claim in time with the board, after voluntary payments of compensation had ceased.

KRS 342.185 deals with notice of accidents and claims for compensation. This section provides that there shall be no pro-

ceedings under the Act unless notice of the accident had been given and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident. It also provides:

"If payments of compensation as such have been made voluntarily the making of a claim within such period shall not be required, but shall become requisite following the suspension of such voluntary payments."

We must turn to subsection (1) of KRS 342.270 in order to determine when the "requisite" claim must be filed with the board following the suspension of voluntary payments. This section says:

"If the parties fail to reach an agreement in regard to compensation under this chapter, or if they have previously filed such an agreement with the board and compensation has been paid or is due in accordance therewith and the parties thereafter disagree, either party may make written application to the board for a hearing in regard to the matter at issue and for a ruling thereon. Such application must be filed within one year after the accident, or, in case of death, within one year after such death, or *within one year after the cessation of voluntary payments, if any have been made.*"

In Pipes Chevrolet Co. v. Bryant, Ky., 274 S.W.2d 663, 664, we construed the word "payments," as used in the last sentence of the above quoted subsection, to mean "payments of compensation."

It seems to us that the above sections of the Act were intended to meet a situation, such as the one presented here, where both parties reach an agreement, partially execute it by the payment and acceptance of compensation, and then later fall out as to just what is an equitable amount to be paid.

We can assign to these sections of the Act only the meaning which spontaneity suggests, that is, after voluntary payments have ceased, the claimant must present his problem to the board within a year from the date of the last payment. We cannot accept appellant's theory that her letter to the board, requesting advice, should be treated as a formal claim which would forever hold the case open and toll the running of all limitation periods.

These provisions were clearly designed to advise claimants of their duties in such a state of case as is here presented. We believe that her letter of inquiry is not equivalent to filing a claim on Form 11. (We are informed that by the board's Rule 14, applications and other papers must be in the form prescribed by the board.) The secretary of the board advised her at the time that an additional claim must be filed. Counsel must have been of the same opinion because when he did attempt to seek additional compensation, he filed his claim on the regular form provided by the board.

We are of opinion that appellant waited too long after the final payment of compensation before seeking to obtain relief.

Judgment is affirmed.