Robert L. LITTLE, Appellant,

v.

**PERSUN CONSTRUCTION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1960.

Rehearing Denied March 25, 1960.

Joe P. Tackett, Tackett & Tackett, Prestonsburg, for appellant.

J. K. Wells, Paintsville, for appellees.

STEWART, Judge.

This is an appeal from the Floyd Circuit Court wherein judgment was entered affirming certain orders of the Workmen's Compensation Board (herein referred to as "the Board"), by which orders the Board

refused to reopen, or give any consideration to, a claim of appellant, Robert L. Little, against Persun Construction Company, appellee herein.

On August 5, 1954, appellant, while employed by appellee at Wheelwright, was injured by falling backwards on a pipe, with the result that his rectum was penetrated about five inches by the pipe. He received immediate medical treatment and he was hospitalized for a period of time. After the wound healed, he was left with the inability to control his bowel movements under conditions of stress or excitement.

On September 10, 1954, appellant obtained legal counsel and on July 7, 1955, entered into a settlement agreement with appellee through its insurer, the United States Fidelity & Guaranty Company, whereby his compensation was set up at $27 per week for five weeks of total temporary disability and $1.80 per week for 445 weeks of 7½% permanent partial disability to the body as a whole. His total compensation amounted to $936 and this sum was paid in a lump sum on the day he entered into the agreement. This agreement was retained by appellee but was never signed by it nor filed with the Board.

On December 7, 1955, appellant filed a motion to reopen his case with the Board on the grounds a mutual mistake had been made by him and appellee and a change in his condition had occurred. See KRS 342.-125. On February 14, 1956, he filed a supplemental motion to reopen, asking that appellee be required to file the settlement agreement of July 7, 1955, with the Board, or that, upon its failure to do so, the agreement be treated by the Board as filed. On the same date, appellant also filed the customary application for an adjustment of his claim for compensation, known as Form 11. Appellant sought under this last proceeding to litigate his claim before the Board as if it were one of first impression.

On March 6, 1956, the Board issued an order overruling appellant's motion as supplemented to reopen, reciting therein that no award had been approved by the Board upon which such a motion could be based. No disposition was made of his application for compensation benefits in the order.

Despite the fact that the motion as supplemented was overruled on March 6, 1956, the executive secretary of the Board treated the case as though this motion had been sustained and assigned the matter to a referee for consideration. At a hearing held thereafter by the referee he found no mutual mistake arose out of the previous dealings of the parties and no change had taken place in the condition of appellant. The referee overruled appellant's motion that the settlement agreement he made with appellee be filed and overruled his motion to reopen. On January 22, 1957, the Board, in passing upon the action of the referee, on a full board review, found " * * * the record contained no award or order of any nature or description; and, there being nothing to review or reopen, the motion (to reopen) could only be overruled, and the full board so ordered on March 6, 1956." It further found that all proceedings undertaken in this case subsequent to the last-mentioned date were unauthorized and therefore void.

The claimant appealed the rulings of the Board to the Floyd Circuit Court, which affirmed the Board's action and dismissed the appeal. This case is now before this Court and appellant contends the Board wrongfully refused to reopen and reconsider his case under the facts hereinbefore stated. We shall address ourselves to this proposition and, having disposed of it, we shall resolve this case on a basis not touched upon by any of the parties to this litigation.

■ KRS 342.265 permits the employer and the employee to reach an agreement in regard to compensation, and when a memorandum thereof is filed with the Board and approved by it, such memorandum becomes an enforceable award. This statute also allows the voluntary payment of compensation in the amounts and for

the periods prescribed by KRS Chapter 342 without any formal agreement; but this procedure does not constitute a final settlement, in the absence of filing a memorandum of the agreement with the Board and securing its approval of such, within the time limit set forth in KRS 342.185.

Appellant cites only Low Moisture Coal Co. v. Vandiver, Ky., 260 S.W.2d 395, as authority for the position taken by him. In that case the injured employee had entered into a settlement providing for a lump sum payment for an agreed percentage of permanent disability. No claim for compensation nor any memorandum of the settlement agreement was ever filed with the Board. Approximately one year and four months after the date of the agreement, the employee moved to reopen the case, which motion was dismissed because it was held no award or agreement was pending before the Board to be reopened. A few days later, a motion was entered by the employee to have his case reconsidered and, in connection therewith, it was alleged that an agent of the employer had assured him he would have two or three years to reopen his case, if it developed he suffered a greater disability than that for which he had been paid; and that, therefore, a fraud had been perpetrated upon him, since he had been induced to settle because of the agent's representation which had turned out to be false. This allegation was not refuted by the employer. The lower court held, this Court affirming, that where it was charged fraud brought about a voluntary settlement, and such was undenied, the claimant for compensation had been wrongfully prevented from having a hearing before the Board.

■ In the case at bar, the agreement between appellee and appellant was never filed with or approved by the Board, so that appellant never at any time had an enforceable award of the Board. The result is there was nothing in this case upon which the Board had exercised original jurisdiction and it could not "reopen" a matter which had never been "opened" in

the first instance. In the Low Moisture Coal Company case, referred to above, this Court allowed the Board to "reopen" that case because the employee established fraud in procuring the settlement. Fraud was not alleged or claimed in this case; hence, the Low Moisture Coal Company case does not apply. It follows the trial court was correct in upholding the Board's order overruling appellant's motion as supplemented to reopen.

■ It will be recalled appellant commenced proceedings to have his claim for compensation benefits tried under Form 11. This claim has never been adjudicated. Is appellant permitted by law under the facts stated to have a hearing before the Board on his claim? We conclude he is. KRS 342.185 provides, so far as that statute is pertinent: " * * * If payments of compensation as such have been made voluntarily the making of a claim within such period shall not be required, but shall become requisite following the suspension of such voluntary payments." The payments made by appellee were voluntary ones and the final one matured on July 7, 1955. The application for adjustment was filed on February 14, 1956, less than one year after the voluntary payment period covered by the agreement had ended. According to the language quoted from KRS 342.185, appellant filed a timely claim for compensation benefits.

In Himyar Coal Corp. v. Gordon, 260 Ky. 709, 86 S.W.2d 702, an employee filed an application for adjustment of claim with the Board on July 24, 1933, for loss of an eye resulting from an accident on October 5, 1931. No compensation agreement or settlement had ever been filed with the Board. The evidence showed that the employer had made advance compensation payments of $2 or $3 per day from September 14, 1931, to October 14, 1932. This Court held it was apparent the understanding between the parties was that the voluntary payments made to the employee by the employer were advancements made against

the compensation which would be due the employee. Thus the claim made more than a year following the accident but less than a year following suspension of voluntary payments was not barred by limitation, due to the provision in 4914 Kentucky Statutes (which contained that part of KRS 342.185 quoted above) extending time for filing a claim to one year after the suspension of voluntary payments. This case controls the point under discussion in the one at bar. Appellant should therefore be allowed to be heard de novo on his claim before the Board.

Wherefore, the judgment is reversed and this case is ordered remanded to the Board for a hearing on appellant's application for an adjustment of his claim.