Ira **CAMBRON**, Appellant,

v.

**CO–OPERATIVE DISTRIBUTING COM-
PANY et al., Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Rehearing Denied Sept. 16, 1966.

Allen Schmitt, Louisville, for appellant.

James M. Graves, William P. Swain,
Boehl, Stopher, Graves & Deindoerfer,
Louisville, for appellees.

MONTGOMERY, Judge.

Ira Cambron appeals from a judgment
holding that his workmen's compensation
claim is barred by the one-year filing
limitation under KRS 342.270(1) on
appeal he contends that the actions of the
adjuster for the insurance carrier of his
employer, Co-Operative Distributing Com-
pany, lulled him into thinking that his claim
would be paid and thus estopped his em-
ployer from asserting the statute of limita-
tion.

Cambron was injured October 29, 1962.
He employed an attorney, other than his
present counsel, who went to see Cambron
at the hospital on February 13, 1963. This
attorney was in communication with the
insurance adjuster concerning the claim.
Appellant's claim for compensation bene-
fits was filed by his attorney on January 20,
1964, eighty-three days after the expiration
of the time allowed by KRS 342.270(1) and
three hundred and forty-two days after em-
ployment of counsel.

Appellant sustained a serious back in-
jury. He had previously received com-
pensation for a similar injury. The last
injury necessitated repeated surgical treat-
ment. On the first three hospital visits
he paid no deposit. He was admitted upon
verification that his was a workmen's com-
pensation case. The hospital refused to
admit him on the fourth visit, August 12,
1963, until he signed a note. Appellant de-
scribed it thus:

> "They told me that the insurance com-
> pany's liability had run out and they made
> me sign a note before they would admit
> me."

Appellant could not be certain of the
time but stated that sometime after January
15, 1963, an adjuster from his employer's
insurance carrier talked with appellant and
made out an injury report. Apparently that
was the only conversation between them,
and it was had after appellant had been
hospitalized the first time. Appellant tes-
tified as follows concerning statements
made then by the adjuster (Mr. Barrett):

> "26—Now what was your conversation
> with Mr. Barrett at that time?
>
> "A—He came out to make a report of
> the injury, and he made the injury re-

port. And I asked him when I would start drawing my compensation checks and he told me that it would be about 2 weeks because it would have to clear the Home Office in Dallas, Texas."

\*  \*  \*  \*  \*  \*

"39—While you were still talking to Mr. Barrett there did you ask Mr. Barrett for any money or to settle your claim with you at that time?

"A—I told him that I thought I ought to have my money since I didn't have anything to live on. And he said 'As soon as we get a report from your doctor as to the amount of your disability we will settle with you.' "

After the employment of counsel the communication was between appellant's counsel and the adjuster. In short, it consisted of statements to the effect that a settlement of the claim would be made when the appellant's disability could be medically determined. In one conversation the adjuster indicated that one problem related to a settlement would be an apportionment between the new injury and the old injury.

Upon this testimony appellant insists that he was lulled into security that his claim would be paid and therefore failed to file an application for benefits within the one year allowed after the accident. Appellant is immediately met by a number of decisions holding that the provision for filing an application within one year after the accident is mandatory. Laswell v. Carrollton Furniture Mfg. Co., Ky., 251 S.W.2d 296; Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663; Miles v. General Electric Company, Ky., 280 S.W.2d 529. In the latter two cases actual payment of medical bills was held not to toll the running

of the statute of limitation. An offer of settlement did not toll the statute in Jefferson Development Co. v. Olinick, Ky., 272 S.W.2d 676.

In Whitis v. O. P. Link Handle Co., Ky., 378 S.W.2d 612, it was held that the payment of temporary total disability for a given time does not constitute an agreement so as to suspend the running of the statute of limitation. An amendment to KRS 342.-270(1) became effective in 1964 following the latter decision. Appellant relies on cases decided prior to 1948 when the statute was changed to include the present one-year-after-accident provision. For this reason those cases are not in point.

Further, appellant is met by Pospisil v. Miller, Ky., 343 S.W.2d 392; Burke v. Blair, Ky., 349 S.W.2d 836; and Cuppy v. General Accident Fire & Life Assurance Corp., Ky., 378 S.W.2d 629. In each of these cases it was held that there was no estoppel and that the statute was a bar. As is pointed out in each case the claimant is not entitled to rely on his adversary, the insurance adjuster, in the absence of false representation or a fraudulent concealment. Neither is claimed here. In the present case the facts are stronger than in the last three cases cited because appellant had employed counsel long before the statutory period had expired and further had notice that the insurance company was not assuming liability when he entered the hospital on the fourth visit. Under the facts of this case appellant is not entitled to claim estoppel as a bar to the operation of the limitation provided under KRS 342.270(1). There is no distinction between workmen's compensation insurance cases and other insurance cases, as is urged by appellant.

Judgment affirmed.