KENTUCKY WEST VIRGINIA GAS COMPANY, Appellant,

v.

Ray SPURLOCK et al., Appellees.

Court of Appeals of Kentucky.

June 9, 1967.

William J. Baird, Baird & Hays, Pikeville, for appellant.

Scott Collins, Prestonsburg, for appellee Ray Spurlock.

Robert Matthews, Atty. Gen., Paul D. Rehm, Dept. of Labor, Frankfort, for Special Fund.

WADDILL, Commissioner.

This is an appeal from a judgment setting aside an order of the Workmen's Compensation Board and directing it to reconsider the disability claim of appellee Ray Spurlock against his employer, appellant Kentucky West Virginia Gas Company. The board had dismissed the claim because it was not timely filed.

The question presented by this appeal is whether the continued payment of wages by an employer, under an employment contract while an employee is disabled, is in lieu of compensation and will therefore toll the limitation imposed by KRS 342.270 (1). This subsection of the Workmen's Compensation Act provides in pertinent part:

> "* * *. Such application must be filed within one year after the accident, or * * * within one year after the cessation of voluntary payments, if any have been made."

On May 8, 1962, while in the company's employ, Spurlock received a work-connected injury. A few days later the company so notified its insurance carrier. According to the testimony of the carrier's claims manager he issued a check on August 20, 1962, to compensate Spurlock for his temporary total disability and three checks to those who furnished him medical services as recently as May 24, 1963. Apparently the check for disability payment

was delivered to and cashed by Spurlock's employer pursuant to their employment contract. Nothing was filed with the board until April 9, 1964, when Spurlock made an application for permanent total disability.

Spurlock testified that after his injury the company continued to pay him his usual wages as required by his employment contract until May 3, 1963. He denied receiving a compensation check from the insurance carrier and stated it was customary for such compensation to be received by the employer so long as it continued to pay an injured employee his regular wages. The parties agree that insofar as pertinent the employment contract provides:

"* * *. In the event that an employee suffers an occupational injury, then he is to be paid by the Company for a period of up to one year the difference between his regular salary or wages based upon a forty (40) hour work week and the amount received as Workmen's Compensation. * * *"

It is the contention of the appellant company that the payment by its insurance carrier on August 20, 1962, was the only voluntary payment of compensation within the meaning of KRS 342.270(1) and that Spurlock's application was filed more than one year after this date. As pointed out by the company it is well settled that payments of medical bills are not "voluntary payments" under this statute. Miles v. General Electric Co., Ky., 280 S.W.2d 529.

The recent case of Louisville Safety Council, Inc. v. Hack, Ky., 414 S.W.2d 877 (decided November 18, 1966) involved a situation similar to the instant one. An employer told his injured employee to immediately notify its insurance carrier of his work-connected injury. He did this and the insurance company defrayed his various medical expenses over a four-year period. During this time the employer continued to pay him his full salary although the employee could only work on a part-time basis.

After the employee's doctors informed him that he had a partial, permanent disability, he sought to make a final settlement with the insurance carrier. He was then informed the statute of limitations precluded his receiving further benefits. The employer and employee regarded the salary payments as *pro tanto* payments of compensation under the Act. This, we held, satisfied the "voluntary payments" provision of the statute so as to toll limitations as a matter of law.

Appellant contends the instant case is distinguishable because the employer and employee did not agree the wages were in lieu of compensation benefits. However, it is apparent that the appellant company paid Spurlock under the provisions of their employment contract. By its express terms a portion of the disabled employee's wages represented benefits of workmen's compensation. This circumstance justified Spurlock's belief that the payments were in lieu of compensation under the Act. KRS, Chapter 342.

The company relies on Buchanan v. Buchanan Coal Co., Ky., 310 S.W.2d 534, and other cases that are distinguishable from the instant one. In Buchanan the employee considered payments from the employer as a loan and the employer stated they were "for living purposes." Hence, they were correctly held not to toll the limitation statute.

Voluntary payments which will toll the limitation statute (KRS 342.270 (1)) are those which either the employer intended or the employee had grounds to reasonably believe were in lieu of workmen's compensation benefits. Larson, 2 Workmen's Compensation Law, Section 78.43(c). We conclude that Spurlock reasonably believed a portion of his wages were in lieu of compensation benefits.

The judgment is affirmed.

All concur.