John D. FRANKLIN, Appellant,

v.

BLUE GRASS COOPERAGE COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 28, 1969.

Robert E. Hogan, Louisville, for appellant.

William D. Grubbs, Louisville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

DAVIS, Commissioner.

John D. Franklin's petition for review of an order of the Workmen's Compensation Board dismissing his claim was dismissed by the circuit court on the ground that his claim for compensation was untimely and barred by the statute of limitation. KRS 342.270(1). On this appeal Franklin concedes that the ruling of the trial court was correct, based on existing case law of this jurisdiction, but earnestly urges the court to overrule its earlier decisions which firmly stand for the proposition that the employer's payment of medical expenses will not toll the running of the statute of limitation.

In Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663, the court was first confronted with the question of whether the payment of medical expenses by the employer was a voluntary payment of compensation within the provision of KRS 342.-270(1), which we quote for convenient reference:

> "If the parties fail to reach an agreement in regard to compensation under this chapter, or if they have previously filed such an agreement with the Board and compensation has been paid or is due in accordance therewith and the parties thereafter disagree, either party may make written application to the board for a hearing in regard to the matter at issue and for a ruling thereon. Such application must be filed within one year

after the accident, or, in case of death, within one year after such death, or within one year after the cessation of voluntary payments, if any have been made."

In Pipes Chevrolet Company, the court recognized that varying results had been reached in other jurisdictions and cited the annotation on the subject in 144 ALR 617. The court held that the employer's payment of part of a hospital bill was not voluntary payment of compensation so as to toll the statute of limitation. Since the decision in Pipes Chevrolet Company, the court has adverted to and adhered to the rule there enunciated in an unbroken line of cases. See Miles v. General Electric Company, Ky., 280 S.W.2d 529; Buchanan v. Buchanan Coal Company, Ky., 310 S.W.2d 534, and Parrish v. Briel Industries, Inc., Ky., 445 S.W.2d 119.

Appellant directs our attention to the language of KRS 342.020(1), the opening portion of which is as follows:

> "In addition to all other compensation provided in this chapter, the employer shall furnish for the cure and relief from the effects of an injury or occupational disease, such medical, surgical and hospital treatment, * * * as may reasonably be required at the time of the injury and thereafter during disability * * *."

Appellant contends that the expression "In addition to all other compensation" means further or additional compensation than the prescribed compensation for particular disabilities. Specifically, the appellant contends in his brief that:

> "It means and embraces compensation, in the form of the rendition of medical aid, in *addition* to voluntary money-payment compensation. It clearly denotes compensation broad enough in scope to include and embrace rendition of medical aid and the payment therefor. It means plainly that compensation provided for in Chapter 342 is neither limited nor restricted to the single type of compensa-

tion reflected by the payment of money alone."

The appellant cites many cases from other jurisdictions, including Welborn v. Southern Equipment Company, Mo.App., 386 S. W.2d 432, (same case, Mo., 395 S.W.2d 119) in which a result opposite to the one reached by this court has obtained. Appellant suggests that the court did not take into consideration the pertinent language of KRS 342.020 when it reached the decision rendered in Pipes Chevrolet Company v. Bryant.

As is true in so many legal controversies, persuasive arguments are available in support of either view of the question presented. Appellant calls attention to KRS 342.004 which directs that KRS Chapter 342 shall be liberally construed on questions of law. In Larson's Workmen's Compensation Law, Section 78.43(b), it is observed:

"One of the commonest controversies in this area is the question whether particular 'payments' are the kind of payments that toll the statute. Some courts have interpreted the term 'last payment' in claim period statutes to exclude medical services entirely, but the majority include such services, on the theory that the furnishing of any kind of benefit required by compensation law indicates an acceptance of liability and thus satisfies the policy of the 'last payment' clause."

The court is not persuaded to depart from the rule which was laid down in Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663. That decision became final in 1955 and has been followed consistently since that time. There is no presentation here of any basis for overturning a rule which has become so well established.

Inasmuch as Franklin's claim for compensation was filed more than a year after the cessation of voluntary payments of compensation, it was untimely and barred by the provisions of KRS 342.270(1), despite the fact that his employer provided

medical services for him within one year before the filing of his claim. The circuit court correctly ruled that the order of the Workmen's Compensation Board so holding was proper.

The judgment is affirmed.

All concur.