John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, and Custodian of Special Fund, Appellant,

v.

ASHLAND OIL AND REFINING COMPANY, Curt Rigsby, and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 13, 1969.

Martin Glazer, Dept. of Labor, Frankfort, Thomas R. Emerson, Atty. for Special Fund Dept. of Labor, Frankfort, for appellant.

J. K. Wells, Paintsville, for Ashland Oil & Refining Co., Perry & Greene, Paintsville, for Curt Rigsby.

CULLEN, Commissioner.

On Curt Rigsby's application for workmen's compensation benefits the Workmen's Compensation Board found that he was totally, permanently disabled and that the disability was attributable solely to a 1966 accident occurring in the course of his employment with Ashland Oil and Refining Company. Accordingly the board imposed liability on Ashland alone for payment of an award for total permanent disability. Ashland appealed to the circuit court, which was of the opinion that the evidence supported the finding of total permanent disability but that the evidence required a finding that only 15 percent of

the disability was attributable directly to the 1966 accident, and the balance of the disability was due to the arousing into disabling reality of a preexisting dormant, nondisabling disease condition. The circuit court thereupon entered judgment remanding the case to the board with directions to enter an award imposing liability on the employer (Ashland) only for fifteen percent of the compensation, and imposing liability on the Special Fund for the balance. The Special Fund is appealing here from that judgment.

The Special Fund argues first that there was evidence before the board to sustain its finding that all of the disability was attributable to the 1966 accident. Failing that, the fund maintains that in any event it is liable only for 70 percent of the compensation. The issues relate to the matter of whether, and to what extent, Rigsby's disability is apportionable to a preexisting condition.

When it appeared, in the presentation of evidence on Rigsby's claim for compensation, that there was a question of a preexisting condition, the Special Fund was ordered to be made a party and an independent physician, Dr. T. R. Miller, was appointed pursuant to KRS 342.120. Dr. Miller reported that Rigsby had a preexisting *disabling* condition that would alone have produced a disability of 15 percent; that Rigsby did *not* have any preexisting *nondisabling disease condition*; that the 1966 accident, alone, would have caused a 15-percent disability; that Rigsby is totally, permanently disabled; and that the amount of disability in excess of that which would have resulted simply from adding the amounts separately attributable to the preexisting condition and the 1966 accident is 70 percent.

Exceptions were filed to Dr. Miller's report. However the board did not sustain the exceptions, but accepted his findings as they related to medical questions. See KRS 342.122(4). Referring to the report, the board found specifically that (1) Rigs-

by had a 15-percent *functional disability* from the preexisting condition; (2) he did *not* have a preexisting *nondisabling* disease condition; and (3) he is totally disabled. However, the board found that the preexisting *functional* disability had not created any preexisting *occupational* disability, and therefore none of the present total disability could be considered apportionable to it. Accordingly the board found that all of the present disability was attributable to the 1966 accident, and that all of the liability for compensation rested on the employer.

In its conclusion that the 15-percent preexisting disability was not to be counted because it was not an *occupational* disability the board was in error. In Young v. J. S. Greer Meat Company, Ky., 438 S.W.2d 331, this court held that for the purposes of KRS 342.120 a preexisting functional disability will be presumed to have constituted an occupational disability of the same percentage. When the board accepted Dr. Miller's finding of a preexisting 15-percent functional disability it was required under KRS 342.120(4) to treat 15 percent of the present total disability as being noncompensable. So the board should have held the employer liable for 15 percent of a total disability award and the Special Fund liable for 70 percent, leaving 15 percent not to be paid.

The circuit court erred in holding that the evidence required a finding that Rigsby's preexisting condition was one of a *nondisabling disease* for which there would be no exclusion from compensation under KRS 342.120(4). Although Dr. Miller's report was not binding on medical questions, under KRS 342.121, because exceptions to it were filed, the board had the right to treat the report as acceptable evidence. The report found specifically that Rigsby did *not* have a preexisting *nondisabling disease*. This was acceptable evidence of probative value, and regardless of other medical testimony in the record to the contrary the board properly could rest a finding of fact upon it.

**288**

The Special Fund's argument, that the board's award placing the entire liability upon the employer should be sustained because there was evidence upon which the board *could have* found that Rigsby did not have any previous disabling condition, is not valid because of the simple fact that the board specifically found, on acceptable if not binding evidence, that Rigsby *did* have a preexisting disabling condition. The board's conclusions of law and award must rest upon the findings of fact that it *did make,* not upon those it *could have made.*

To the extent that the judgment of the circuit court sets aside the order of the Workmen's Compensation Board and remands the case to the board it is affirmed, but to the extent of the directions it makes to the board for entry of a new order it is reversed, for entry of directions to the board to make an order awarding 15 percent of compensation for total permanent disability against the employer and 70 percent against the Special Fund.

All concur.