Charles S. PARRISH, Appellant,

v.

BRIEL INDUSTRIES, INC., General Accident Group, Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Sept. 26, 1969.

**120**

John Frith Stewart, Louisville, for appellant.

Joseph C. O'Bryan, Carey, O'Bryan, Duffy & McDonald, Louisville, for appellees.

CULLEN, Commissioner.

The claim of Charles S. Parrish for workmen's compensation for injuries sustained in an accident in his employment was dismissed by the Workmen's Compensation Board for the reason that the claim was not filed within one year after the cessation of voluntary payments, as is required by KRS 342.270(1). On appeal to the circuit court judgment was entered affirming the order of dismissal. We have Parrish's appeal from that judgment.

Appellant's contention is that his claim should not be barred by limitations because, by the words and actions of his employer and the latter's insurance carrier, he was lulled into the belief that liability was admitted and his claim for compensation would be settled.

The accident occurred on May 13, 1966. Voluntary payments were discontinued on September 9, 1966. (A payment of money was made in December 1966 but the board found on conflicting evidence that this was a reimbursement of medical expenses paid by Parrish. This finding was proper, and the law is well settled that payment of a medical expense is not such a "voluntary payment" as will toll limitations. See Kentucky West Virginia Coal Co. v. Spurlock, Ky., 415 S.W.2d 849.) Unless tolled, the time for filing claim ran out on September 9, 1967. The claim was not filed until November 29, 1967.

The appellant's claim of lulling rests upon his testimony that he rejected an offer to settle his claim for $970 made to him in June 1967, telling the insurance adjuster that he wanted to check his condition with his own eye doctor, Dr. Porter; his employer then told him, "You want to be damned sure that you get this disability right before you sign it"; he was examined shortly thereafter by Dr. Porter but, in substance, the insurance adjuster stalled negotiations by first saying that he had not received any report from Dr. Porter, and later saying that Dr. Porter would not release his report without an authorization from Parrish; during this period the adjuster kept telling Parrish that the claim would be settled after the disability evaluation was "straightened out." Parrish admitted, however, that his employer and the adjuster both told him in June 1967 that "the time is about up," and at no time did the adjuster say that limitations would be waived.

Under the decision in Cambron v. Co-operative Distributing Company, Ky., 405 S.W.2d 687 (where the claim of lulling was based on statements by the insurance adjuster that a settlement of the claim would be made when the claimant's disability could be medically determined), it is exceedingly doubtful that Parrish could prevail in this case even were his testimony given full credence. The rule

as stated in *Cambron* is that to toll limitations in workmen's compensation cases there must be a false representation or a fraudulent concealment, neither of which is shown in the instant case. However, a stronger reason exists for the denial of Parrish's claim. It is found in the fact that Dr. Porter's testimony was that he never saw Parrish prior to September 19, 1967, which was after limitations had run. Thus was put in issue the truth of Parrish's testimony concerning the claimed lulling activities in relation to Dr. Porter's report. The Workmen's Compensation Board found as a fact that Parrish did not consult Dr. Porter until after limitations had run, and thus in effect found that Parrish's testimony was not true. This the board was justified in doing, and its finding fully supports the dismissal of the claim.

The judgment is affirmed.

All concur.