**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,**

**v.**

**LEVISA STONE CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1969.

Thomas R. Emerson, Dept. of Labor, Martin Glazer, Dept. of Labor, Frankfort, for appellant.

William J. Baird, Edward R. Hays, Baird & Hays, Kelsey E. Friend, Friend & Mullins, Pikeville, for appellees.

DAVIS, Commissioner.

Franklin Wright obtained an award from the Workmen's Compensation Board against his employer, Levisa Stone Corporation, in which the Board found Wright to be totally and permanently disabled as the result of an injury sustained in the course of his employment on December 23,

1966. The Board declined to apportion payment of the award as between the employer and the Special Fund, although that ruling was sought by the employer.

On appeal to the circuit court, the Board's ruling denying apportionment was reversed, and the circuit court directed the Board to enter an award requiring the employer to pay compensation covering only twelve weeks while directing that the Special Fund pay the award for 425 weeks beginning at the end of the twelve-week period paid by the employer. On this appeal the Special Fund attacks the judgment directing liability against it and asserts that the Board was correct in refusing apportionment.

In 1957 or 1958 (we shall refer to it as 1958) Franklin Wright was injured in an automobile accident. As the result of the injuries he sustained in that accident, Wright underwent a spinal fusion at the interspace between L–2 and L–3. After that experience Wright was able to, and did, resume heavy manual labor.

It was while he was engaged in heavy work for his employer, Levisa Stone Corporation, on December 23, 1966, that he suffered an injury to his back incident to the falling of a log which he was helping to lift. The latter injury prompted Wright to file the present proceeding for adjustment of his compensation claim.

The appellant contends that the circuit court exceeded the scope of judicial review prescribed in KRS 342.285 inasmuch as the Board had found as fact from substantial medical evidence before it that the 1958 injury contributed nothing to the present disability suffered by Wright and refused apportionment accordingly.

KRS 342.285(3)(d) limits the circuit court's review of an award of the Board to determining whether or not: "The order, decision, or award is clearly erroneous on the basis of the reliable, probative, and material evidence contained in the whole record; * * *."

Upon examination of the record before us, we find testimony from four doctors. Dr. Russell Meyers was asked his opinion of the probability that the 1958 injury played a part in the present disability of Wright. He answered: "I think it is improbable that it plays a contributing role, a significant contributing role, as an overt disability to his present complaints." Dr. Meyers modified that answer somewhat when he related as a part of a long answer to another question: "I am obliged in this particular case to entertain the possibility, even though it be merely that, that an antecedent factor resulting from the trauma of 1958 could have contributed in a subtle way to the present findings." In subsequent answers, Dr. Meyers further modified his testimony by expressing the opinion that the 1966 incident would not have produced Wright's present degree of disability apart from the condition caused by the 1958 accident.

Dr. J. Hunter Smith couched his medical opinion of Wright's condition in these terms:

"While there is no question that this patient's previous injury of 1958 has some bearing on his present case, it is my opinion that the major portion of his disability now is below the previous area and, therefore, the later injury did not create a dormant, non-disabling condition into disabling reality. I feel that his new injury created most of the pathology below the old injury and, therefore, is the main etiology in the patient's present condition although there must be some disability from his previous injury."

Dr. Smith's testimony discloses the following questions and answers:

"Q. Now assuming that he did not have the injury of 1958, would his injury on December 23, 1966, produce the occupational disability, in your opinion?

A. I think it very well could have happened that way. Yes.

Q. Is that within the realm of probability and within reasonable medical certainty?

A. Yes, sir. We have had very many patients who have fallen in this category in the past."

The other two doctors unequivocally stated that a portion of the present disability results from the 1958 injury.

It is our view that the Board, as the trier of fact, had the prerogative of resolving the issue as to whether Wright's total disability is ascribable solely to the 1966 accident or whether it arises from a combination of the 1958 and 1966 incidents. There was reliable, probative, and material evidence contained in the record upon which the Board could, and did, base its factual determination that the total disability now experienced by Wright was caused entirely by the 1966 injury. The Board could have chosen to be otherwise persuaded, but it did not do so. In these circumstances, the court is without authority to disturb the factual finding of the Board, and it follows that the award of the Board based upon such finding is appropriate and it was error for the circuit court to direct modification of the award.

The view we have recited makes it unnecessary to consider any question of apportionment. In light of the nature of the questions propounded by the Board to the physician it appointed, and in view of the decision of the circuit court and the arguments presented in the briefs, we consider it appropriate to call attention to the distinction between nondisabling non-disease conditions and nondisabling disease conditions. Reference is had to Young v. Ashland Oil & Refining Company, Ky., 442 S.W.2d 286, and Young v. Bear Branch Coal Company, Ky., 434 S.W.2d 656, 658, for recent discussion of the matter. The Board sustained exceptions to the report of the doctor appointed under KRS 342.121. No litigant raises any question about the propriety of that ruling of the Board, so we do not pass on it.

The judgment is reversed with directions to enter a new judgment affirming the award as originally made by the Board.

All concur.