**Effie THOMPSON, Appellant,**

v.

**KENTUCKY APPALACHIAN INDUS-TRIES, INC., et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Harris S. Howard, Howard, Francis & Howard, Prestonsburg, for Kentucky Appalachian Industries, Inc., and others.

J. Keller Whitaker, Frankfort, for Workmen's Compensation Board.

NEIKIRK, Judge.

Appellant Effie Thompson filed a claim for Workmen's Compensation, alleging that she had sustained a back injury while working for the appellee, Kentucky Appalachian Industries, Inc.

Appellant claimed total disability benefits. Four doctors, testifying for appellant, stated that she had a ruptured intervertebral disc in the lumbar region. The evidence of three doctors testifying for appellee disputed these findings.

The Board awarded benefits for a period of temporary total disability and a 50% permanent partial disability to the body as a whole. Appellant sought to have the award reconsidered. The Board overruled the petition. Effie Thompson appealed to the circuit court. The circuit court affirmed the award and the order overruling the petition to reconsider. We affirm.

■ The evidence before the Board was conflicting. The Board made its findings and award. The trial court found, and we find, that the evidence supports the findings of the Board. Where there is conflicting evidence as to facts and the Board did not as a matter of law act erroneously, we will not disturb its findings and award. Baker v. Codell Construction Company, Ky., 437 S.W.2d 759; Oaks v. Beth-Elkhorn Corporation, Ky., 438 S.W.2d 482; Young v. Dale, Ky., 446 S.W.2d 288.

The evidence in the instant case was not so conclusive as to require a finding of permanent total disability. The award of 50% permanent partial disability to the body as a whole must stand. South 41 Lumber Co. v. Gibson, Ky., 438 S.W.2d 343.

Appellant contends that the Board committed error in overruling the petition for

reconsideration. The gist of the petition was that the Board, from the face of its opinion and award, had overlooked the deposition of one of appellant's doctors. The Board did say that three doctors had testified for the appellant when in truth four doctors had given their evidence by depositions.

The evidence of the fourth doctor was cumulative and not of such import as to be overwhelming in appellant's claim for total and permanent disability. At any rate, this evidence must have been reviewed by the Board when it issued its order overruling the petition for rehearing.

The judgment is affirmed.

All concur.