**FLOYD COUNTY BOARD OF EDU-CATION, Appellant,**

v.

**Myrtle JACOBS and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 13, 1970.

Harris S. Howard, Howard, Francis & Howard, Prestonsburg, for appellant.

Perry & Greene, Paintsville, for appellees.

WADDILL, Commissioner.

In a proceeding initiated pursuant to the Workmen's Compensation Act, KRS, Chapter 342, appellee, Myrtle Jacobs, was found to have sustained temporary total disability from January 25, 1967 to February 6, 1968 as a result of a work-connected injury and was awarded compensation against appellant, her employer. Appellee, who was dissatisfied with the award, took an appeal to the Floyd Circuit Court pursuant to KRS 342.285. The court held that the evidence required the Workmen's Compensation Board to find that appellee had sustained partial permanent disability in addition to temporary total disability. The judgment remanded the case to the board with directions for it to determine the extent and duration of appellee's permanent disability and to enlarge the award of compensation accordingly.

The instant appeal was taken under KRS 342.290, appellant contending that appellee's claim of permanent disability was cast in doubt by acceptable medical testimony to the effect that she had no permanent disability resulting from her accident and injury, and therefore the evidence is not so clear-cut and convincing as to require the board to find that she had sustained any permanent disability. On cross-appeal, appellee contends that the evidence, when

fairly considered in its totality, obviously establishes that appellee is permanently disabled, and, from an occupational standpoint, is permanently and totally disabled because she is physically unable to perform satisfactorily her duties as a school teacher.

Appellee, a forty-seven-year-old teacher employed in a rural school, sustained an injury when she fell "as she started to step out of the door to supervise play at a school recess and turned a somersault." Her injuries consisted of some bruises and a substantial fracture of a bone in her right ankle joint that required fixation by a metallic screw being inserted into the ankle joint to assist in the uniting of the fractured bone. A plaster cast was applied to her leg and, while she was immobilized, a blood clot developed in the vein of her right leg that resulted in a pulmonary embolism, causing an infarction.

Concerning her recovery, Doctor Lowell Martin, her personal physician, and Doctor A. B. Carter, who examined her for the purpose of testifying in her behalf, estimated her permanent disability to her body as a whole as being twelve per cent and fifteen per cent, respectively. However. Doctor Eugene Parr, an orthopedic surgeon who treated the fracture, was of the opinion that no residuals had resulted from the injury and consequently he found no permanent disability had resulted. Doctor Richard Hency, a specialist in internal medicine limited his opinion concerning residual disability to appellee's heart and lungs. Doctor Hency testified:

> " * * * her lung fields were clear, her X-rays looked clear, her electrocardiogram and pulmonary function studies were normal and it was my feeling * * * that this lady from the standpoint of her lungs had made a complete recovery from this clot, and should not have any significant symptoms from this."

However, Doctor Hency stated that, as a result of the venous disease and embolus, appellee would have to wear an elastic stocking on her injured leg for the rest of her life.

Appellee testified that her duties at the school required her to be on her feet in supervising the school playground and the school lunchroom. She stated that before her accident she had experienced no pain in her legs or lungs, but since the accident her right leg and ankle swell when she stands for a while, she frequently has pain in her chest and right leg, and is nervous. She stated that she obtains relief from the pain and swelling in her leg only when she uses the elastic stocking that was prescribed for her and stays off her feet.

■■■■ It is apparent that the testimony introduced in behalf of appellee to the effect that she is permanently disabled is in conflict with that produced for the appellant. The board was persuaded by appellant's evidence that appellee had sustained no permanent disability. Under the contentions made in this case the court's review is limited to determine whether appellee is entitled to an award for permanent disability as a matter of law. We think not. We reach this conclusion because two well-qualified physicians unequivocally stated that appellee was able to perform her occupational duties and had sustained no permanent disability.

Although the award is very conservative there is substantial evidence that supports it and therefore we must reverse the judgment of the circuit court. Cf. Thompson v. Kentucky Appalachian Industries, Inc., Ky., 451 S.W.2d 655 (rendered March 6, 1970); Congleton Brothers, Inc. v. Farmer, Ky., 399 S.W.2d 722. In the event there is a change in appellee's condition, a remedy is provided by KRS 342.125 to reopen the case.

On the direct appeal the judgment is reversed with directions to enter a judgment upholding the award of the board; on the cross-appeal the judgment is affirmed.

STEINFELD, OSBORNE, REED and NEIKIRK, JJ., concur.