**REPUBLIC STEEL CORPORATION,**
Appellant,

v.

**James Hobert JUSTICE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

Hobart C. Johnson, Stratton & Johnson, Pikeville, for appellant.

Kelsey E. Friend, Harry R. Stamper, Friend & Mullins, Pikeville, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

STEINFELD, Judge.

Appellee, James Hobert Justice, was employed by appellant, Republic Steel Corporation, in its coal mine. On January 8, 1968, he injured his back when he was operating a slate-hauling machine. Under the Workmen's Compensation Act he made claim against his employer joining the Special Fund because he had sustained an injury in September 1964 and there was a controversy as to whether it was aroused. KRS 342.120(1). For that earlier incident he had made claim, was awarded benefits on the basis of 25% permanent partial disability, and he was being paid benefits at the time of the second injury. After recuperating from the 1964 experience Justice returned to Republic and was a full-time worker in the mine from June or July 1965 until January 8, 1968.

The board found that Justice was totally and permanently disabled by the 1968 incident, assessed the entire award on Republic, dismissed the Special Fund and directed that Republic should " * * * deduct from each week's compensation payment the amount owed plaintiff for the corresponding week by reason of plaintiff's 25% permanent disability for his September 30, 1964, injury." [1] Republic appealed.

---

1. Justice did not appeal.

The circuit court affirmed, whereupon Republic appealed here. We affirm.

Dr. Russell Meyers testified that the 1964 accident had ruptured Justice's spleen necessitating its removal and that Justice had a herniated lumbar disc resulting from the 1968 accident. He said that the claimant was 35% functionally disabled which the doctor equated to 100% occupational disability. He stated on direct examination that the 1964 spleen injury was not a contributing factor to the present disability and that he found no evidence of a preexisting dormant nondisabling condition or the arousal thereof. He admitted on cross-examination, however, that Justice " * * * must have had some covert, undetected weakness or attenuation of his intervertebral disc anteceding the trauma of January 8, 1968." He opined that there had been some preexisting degenerative changes without which the trauma of 1968 would not have caused a ruptured disc. This doctor estimated that 50% of Justice's disability was due to the trauma he sustained in 1968 and 50% of it was due to the existing weakness or attenuation.

Dr. K. Armand Fischer was appointed pursuant to KRS 342.121. Only Justice filed exceptions to this report. KRS 342.-121(4). Dr. Fischer reported that the 1968 trauma had caused injury to an intervertebral disc, that there was no latent nondisabling disease or arousal thereof at the time of the 1968 injury, but that there was an existing partial permanent disability attributable to the spleen injury of 1964 equivalent to 25% to the body as a whole. He estimated that the back injury in 1968 resulted in 20% to 25% partial permanent disability after which injury Justice was 45% to 50% permanently disabled.

■ The appellant argues that the testimony of Dr. Meyers that the 1968 injury could not " * * * alone have produced a herniated intervertebral disc" and that Justice must have had an undetected weakness or attenuation of his intervertebral

disc anteceding that injury, as well as the other testimony of Dr. Meyers was " * * * by far the most persuasive and that it must be followed." It cites Wells v. General Electric Co., Ky., 318 S.W.2d 865 (1958). While that testimony was " * * * evidence of substance, having fitness to induce conviction" it was not the only evidence of that quality.

Appellant's counsel concedes that in Young v. City Bus Co., Ky., 450 S.W.2d 510 (1969), we held that degenerative changes, underlying weakness and deterioration because of wear and tear are not the subject of KRS 342.120(1) (b). He notes however that City Bus was decided after trial of the Justice case and he contends that it should not apply. We find no basis for that argument and reject it. Thus, there is nothing in Dr. Meyers' testimony to support apportionment. However, even if City Bus were to be considered nonapplicable, so that Dr. Meyers' testimony would support apportionment, there nevertheless was Dr. Fischer's testimony the other way.

■ Republic argues that the report made by Dr. K. Armand Fischer must not be considered as evidence of substance. KRS 342.121(4) requires that "The decision or award in the case shall conform to the findings and conclusions in such report in so far as restricted to medical questions; * * *" but authorizes a review of the report when specific objections thereto have been timely filed. Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403 (1966). We said in Kentucky West Virginia Gas Company v. Ritchie, Ky., 402 S.W.2d 704 (1966), that exceptions having been filed to the report made by the board-appointed physician the report could be considered along with other testimony. Also see Young v. Ashland Oil & Refining Co., Ky., 442 S.W.2d 286 (1969).

■ Alternately appellant contends that if the board could consider the report of

Dr. Fischer as evidence it was required to rely "* * * upon one or the other of the two doctors whose testimony is in the record * * *". No authority is cited to support this argument. We have said, "* * * that a jury may believe any of the witnesses in whole or in part." Webb Transfer Lines v. Taylor, Ky., 439 S.W.2d 88 (1968). It is our opinion that the board was authorized to rely on all or any of the substantive evidence before it without accepting in its entirety that of any one witness.

■ The board was entitled to accept Dr. Fischer's testimony that there was no preexisting dormant disease condition. Also it was authorized to base its decision on the statement of Dr. Meyers that "* * * I do not consider that the patient's previous injury to the left flank, resulting in splenectomy, is a contributing factor to the patient's present disability". The evidence as a whole authorized the board to find that Justice became totally and permanently disabled solely as a result of the 1968 back injury. Young v. Levisa Stone Co., Ky., 445 S.W.2d 151 (1969). Under that finding the employer was properly chargeable with liability for compensation for total permanent disability. Young v. Young, Ky., 460 S.W.2d 832 (1970).

Appellant charges that if the board based its opinion on Dr. Fischer's report its action conflicts with KRS 342.120(3) which provides:

"If it is found that the employe is a person mentioned in subsection (1) (a) or (b) and a subsequent compensable injury or occupational disease has resulted in additional permanent disability so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury or occupational disease alone, and the employe is entitled to receive compensation on the basis of the combined disabilities, the employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused diseased condition."

Our answer is that the 1968 injury alone was sufficient to cause, and the board held it did cause total permanent disability. There was no conflict with that statute.

■ The board authorized Republic to deduct from future payments "* * * the amount owed plaintiff for the corresponding week by reason of plaintiff's 25% permanent partial disability for his September 30, 1964, injury". Republic, relying upon Young v. Ashland Oil & Refining Co., Ky., 442 S.W.2d 286 (1969), contends that a larger credit should have been allowed. Young v. Ashland Oil, supra, is not applicable as the opinion did not discuss what credit should be given for compensation paid or payable. It dealt with Special Fund apportionment and with exclusion. Here the board held that the 1968 injury independently of any prior injury caused the total disability. There is a serious question in the minds of members of the court as to whether in those circumstances any credit should be given by reason of a previous award of compensation (exclusive of an overlapping) but we do not reach that question as Justice did not cross-appeal. Certainly Republic was not entitled to a greater credit than the amount adjudged by the board. Cabe v. Skeens, Ky., 422 S.W.2d 884 (1967). Cf. Young v. Young, Ky., 460 S.W.2d 832 (1970), and Young v. Floyd County Mining Engineering Co., Ky., 460 S.W.2d 838 (1970).

The judgment is affirmed.

MILLIKEN, C. J., and NEIKIRK, HILL and PALMORE, JJ., concur.

OSBORNE and REED, JJ., concur in result only.