**OWENSBORO RIVER SAND AND GRAVEL COMPANY, Inc., Appellant,**

v.

**Charles D. DICKENS et al., Appellees.**

Court of Appeals of Kentucky.

April 30, 1971.

R. Scott Plain, Wilson, Wilson & Plain, Owensboro, for appellant.

E. Louis Johnson, Philip B. Hayden, Hayden & Johnson, Owensboro, Thomas R. Emerson, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellees.

STEINFELD, Judge.

Charles D. Dickens, appellee, suffered a work-connected back injury on July 27, 1968, while employed by appellant, Owens-

boro River Sand and Gravel Company, Inc. Dickens applied for benefits under the Workmen's Compensation Law. Dr. James E. Anderson who treated Dickens for the injury deposed that he was 85% to 90% permanently disabled, 45% from the back injury and 45% from a pre-existing pulmonary disease.

The employer's motion made under KRS 342.120 to make the Special Fund a party was sustained. On motion of the Special Fund to appoint an examining physician (KRS 342.121(1)) the board appointed Dr. George E. Ainsworth. The employer unsuccessfully objected to the appointment on the ground that such appointment was unnecessary as there was no conflicting medical testimony up to that point.

Dr. Ainsworth found that Dickens had sustained two compression fractures of the thoracic spine. He reported that Dickens was 100% disabled from the back injury and that there was no arousal of disease or condition. He made no mention of the existence of a pre-existing disease or condition. The employer filed specific objections and an application for review pursuant to KRS 342.121(4), claiming that the medical examination was insufficient and the report was incomplete. The specific objections and application for review were passed to the consideration of the case on its merits.

Thereafter, the depositions of Doctors Ainsworth and Frank L. Yarbrough were taken. Dr. Ainsworth confirmed what he had reported. Dr. Yarbrough testified, in substance, that Dickens was 90% to 100% permanently disabled, suffering from a pre-existing heart and lung condition, and the back injury. He stated that all of these conditions contributed to the disability but he did not apportion the amount of disability attributable to each.

The employer moved to strike the deposition of Dr. Ainsworth, which motion was passed to the merits. The board overruled the objection to Dr. Ainsworth's appointment, the objection to his report, and the motion to strike his deposition. It followed the report and deposition of Dr. Ainsworth, found Dickens permanently and totally disabled from the back injury and awarded benefits against the employer. It dismissed the Special Fund. The circuit court affirmed. The employer has appealed. We affirm.

On appeal the employer claims the board was in error in not striking Dr. Ainsworth's report and deposition for the reasons that he should not have been appointed, that his examination was inadequate, that what he reported and said was based on incomplete medical history furnished by Dickens, and that the report did not comply with the requests made by the board.

KRS 342.121(1) provides:

"If on a claim for compensation for disability resulting from a subsequent injury by accident or occupational disease any medical question shall be in controversy, or a determination thereof necessary to the proper apportionment of liability therefor, the board shall refer the case to a physician appointed by it for the purpose of investigating and reporting to the board on the medical questions involved. * * *."

Appellant says that at the time Dr. Ainsworth was appointed there was no medical question in controversy. Even if that were true (which we do not find) it had become necessary for the board to consider apportionment as the Special Fund had exposure to liability based upon the testimony of Dr. Anderson. There is no merit in this complaint.

■ The written report complied with the statute and answered each question propounded. It was not incomplete as was the case in Cabe v. Toler, Ky., 411 S.W.2d 41 (1967), relied on by appellant. Here the report stated what the physician had learned and his appraisal of the claimant's disability. It would have been error to expunge it, particularly because when specific objections were filed it was subject to attack

and consideration along with all the other medical evidence. Kentucky West Virginia Gas Co. v. Ritchie, Ky., 402 S.W.2d 704 (1966) and Republic Steel Corp. v. Justice, Ky., 464 S.W.2d 267 (1971).

 For reasons similar to those advanced with respect to the report the employer insists that the deposition given by Dr. Ainsworth should have been disregarded. A qualified physician stated what he found and his opinion on the subjects about which he was asked. It appears to us that the attack goes to the weight to be given the testimony rather than to the validity, however, we find nothing improper in that deposition.

Owensboro contends that the board was required as a matter of law to apportion liability between the employer and the Special Fund. It cites Kingston-Pocahontas Coal Co. v. Maynard, 209 Ky. 431, 273 S.W. 34 (1925) and Cabe v. Bush, Ky., 424 S.W.2d 585 (1968). In Pocahontas we said that there was no evidence that the disability was solely the result of the injury therefore such a conclusion by the board could not stand. In Cabe there was no conflict in the evidence " * * * that Bush had a pre-existing disease that was caused to become disabling by a work-connected injury."

Dr. Ainsworth admitted that he made only an orthopedic examination and that he was not informed of Dickens' lung or cardiac conditions. He stated positively that these conditions "had no influence on the healing of the body" and that " * * * it has no bearing on the orthopedic disability evaluation from a functional and occupational standpoint." Because of his report, amplified by his deposition, there was substantive evidence that the claimant's disability was solely attributable to the back injury although there was conflicting evidence. The board was authorized to find, as it did, that all liability should be imposed on the employer. We detect no basis for disturbing that award. Thomp-

son v. Kentucky Appalachian Industries, Inc., Ky., 451 S.W.2d 655 (1970).

The judgment is affirmed.

All concur.