**ISLAND CREEK COAL COMPANY, Appellant,**

v.

**Ross W. LEWIS and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Fred G. Francis, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, for appellees.

NEIKIRK, Judge.

Ross W. Lewis, an underground coal miner, sustained a fractured wrist on July 24, 1968, in the course of his employment with the Island Creek Coal Company. Due to the injury he was unable to return to work until November 4, 1968. Lewis received voluntary compensation payments from his employer through November 28, 1968. On January 15, 1970, Lewis filed his claim for compensation benefits. The Island Creek Coal Company, in a special answer, set up the defense of the statute of limitations. KRS 342.270(1). On March 8, 1971, the Workmen's Compensation Board entered an award of compensation to be paid to Lewis by the Island Creek Coal Company as a result of the injury, which the Board found had resulted in a 10% permanent partial disability. In its findings of fact, the Board said:

"Plaintiff was lulled into believing that Defendant would settle his claim in January or February after they found out about 'the Osborne law' and Defendant's action tolled the running of the statute."

The circuit court affirmed the Board's award. It is from this judgment that Island Creek Coal Company appeals. We reverse.

Appellee Lewis claimed that David Justice, claims adjuster for the insurance carrier for the appellant, made representations to him that lulled him into failing to file his claim. Lewis testified as follows:

"Q-54 Did Justice at any time tell you or advise you that he would extend the period of time within which you could file your claim?

A— He told me one time—I asked him when my limitation time went out, and he never give me no date, he said 'It's not run out yet.'

Q-55 Did he ever tell you he would give you additional time after November 5th within which to file a claim?

A— No, sir."

He testified on re-cross-examination as follows:

"Q-64 They refused to settle with you on your terms?

A— Yes.

Q-65 You say he told you they were not going to settle with you until they found out what the Osborne law would be?

A— That's what David Justice said.

Q-66 About December 4th, you came to Mr. Woodrow Burchett and employed him as your attorney, didn't you?

A— I guess it was, I don't know exactly.

Q–67 And he wrote a letter to David Justice on this date?

A– Yes. I told the adjuster when they allowed me the 5%, I said 'I'm willing to go to another doctor. If you want to send me to one I'll go, or can I go on my own.' He said to go on my own. I said 'If the other doctor says 5% I'll take the 5, I'm willing to be fair with you.

Q–68 Was that before November 5th?

A– Yes.

Q–69 And they refused to settle for more than 5%?

A– Yes, and then they refused the 5%.

Q–70 Unless the Osborne law might change it, is that right?

A– Yes.

Q–71 And at no time did he say you would have until January or February to file a claim?

A– No, he said 'We will have to wait to see what the Osborne law does.'"

We have held that there is no estoppel and that the claimant is not entitled to rely on his adversary's insurance adjuster's representations in the absence of false representations or fraudulent concealment. Pospisil v. Miller, Ky., 343 S.W.2d 392; Burke v. Blair, Ky., 349 S.W.2d 836; and Cuppy v. General Accident Fire & Life Assurance Corp., Ky., 378 S.W.2d 629.

In Burke v. Blair, supra, we said:

"The case of Pospisil v. Miller, Ky., 343 S.W.2d 392, recently decided by this Court, is almost directly in point. There the plaintiff filed action after the statutory period had expired. She alleged that a representative of the defendant's insurance carrier told her that the company had assumed and recognized its liability to the plaintiff; that a settlement would be made with her when the bills were all in and she had fully recovered; and that she would be fully compensated if she did not consult or employ an attorney. It was held that the actions complained of did not constitute grounds for estoppel. We said that the plaintiff is presumed to know that an action will be barred in one year by the statute of limitations, and has no right to rely upon representations of an insurance adjuster who is her adversary.

"It is not denied that the appellee knew when he discussed settlement with appellant's attorney that the attorney was working for his adversary. Mere negotiations looking toward an amicable settlement do not afford a basis for estoppel to plead limitations." Cf. Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663.

We discussed a plea of estoppel and bar in Cowden Manufacturing Company v. Fultz, Ky., 472 S.W.2d 679. In Cowden, the Board found that the employer had made certain statements to the claimant which "were in the category of false representations." We held that the Board was justified in finding this as a fact and that, therefore, the employer was estopped from claiming the statute of limitations as a bar to the action. In the instant case, the Board, as the fact-finder, made no finding of false representations or fraudulent concealment on the part of the appellant, and we are of the opinion that the evidence would not support such a finding.

The judgment is reversed, with directions that the Board enter an order dismissing the claim of appellee Lewis.

All concur.