**LOGAN MANUFACTURING COMPANY,**
**Appellant,**

**v.**

**Edith Chadwick BRADLEY and Kentucky**
**Workmen's Compensation Board,**
**Appellees.**

Court of Appeals of Kentucky.

Feb. 18, 1972.

Howard VanAntwerp, III, Caldwell, VanAntwerp, Welch & Hughes, Ashland, for appellant.

David Butler Whites, Louisa, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded Edith Chadwick Bradley compensation for a period of temporary total disability, and for ensuing permanent partial disability of 15 percent, attributable to a herniated disc allegedly caused by accident in the course of her employment by Logan Manufacturing Company. On the latter's appeal to the circuit court judgment was entered affirming the award. The employer has appealed to this court from that judgment.

The appellant's primary contention is that the board erred in not holding the employe's claim to be barred by the limitation provision of KRS 342.185, because the claim admittedly was not filed within one year from the date of the accident (no voluntary payments of compensation having been made). It appears that the board accepted the employe's argument that the employer, by reason of false representations made by a claim adjuster, should be estopped to assert the defense of limitations.

The employe's claim was filed on October 16, 1967, alleging an accident in February 1966. The employer pleaded limitations, and a separate factual hearing was held on the question. The board thereupon made findings of fact, in which it casually mentioned that an insurance adjuster had called on the employe, and in which the conclusion was: "The record presents a prima facie case that the claim has been filed within the statutory period."

Our cases have firmly established the rule that in order "to toll limitations in workmen's compensation cases there must be a *false representation or a fraudulent concealment.*" Parrish v. Briel Industries, Inc., Ky., 445 S.W.2d 119; Cambron v. Co-operative Distributing Company, Ky., 405 S.W.2d 687; Island Creek Coal Company v. Lewis, Ky.App., 474 S.W.2d 361 (decided December 17, 1971).

Without detailing the evidence in the instant case, it is sufficient for us to say that the alleged statements by the insurance adjuster were substantially like the statements of the adjuster in *Parrish*, that the claim would be settled after the disability evaluation was "straightened out," and that he was awaiting the doctor's report; and like the statement of the adjuster in *Cambron* that "As soon as we get a report from your doctor as to the amount of your disability we will settle with you." Those statements were held not enough to create an estoppel.

As was the situation in *Parrish*, if there was any *fraud* in the instant case, either by way of representation or concealment, it occurred several months after limitations had run, so it could not have been a cause of the claimant's failure to file her claim in time.

The board made no finding of any fraudulent concealment or false representation, and we believe the evidence would not support such a finding. Cf. Island Creek Coal Company v. Lewis, Ky. App., 474 S.W.2d 361 (decided December 17, 1971). The fact alone that the employ-

er did not tell the claimant of the insurance company's eventual decision not to honor the claim did not constitute a fraudulent concealment.

It is our opinion that the board erred in not dismissing the claim as barred by limitations.

We deem it appropriate to say that we consider it doubtful whether the award could be upheld on the merits of the claim, because the evidence did not show anything resembling an *accident*, but only a gradual deterioration of a degenerative disc condition over a period of months.

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for entry of an order dismissing the claim.

All concur.