**Allene EMMERT, Appellant,**

**v.**

**JEFFERSON COUNTY BOARD OF EDUCATION et al., Appellees.**

Court of Appeals of Kentucky.

March 31, 1972.

Robert M. Lindsay, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

William Mellor, Mellor & Shaw, Louisville, for appellees.

Gemma M. Harding, Louisville, for Special Fund.

CULLEN, Commissioner.

Allene Emmert's claim for workmen's compensation for disability alleged to have resulted from an accident of January 30, 1969, was dismissed by the Workmen's Compensation Board on the ground that it had not been filed within the one-year limitation period prescribed by KRS 342.185. Her contention that her employer was estopped to assert the defense of limitations, by reason of representations made to her by the employer's clerk in charge of workmen's compensation claims, was rejected by the board on the ground that there was nothing to indicate any authority of the clerk "to advise along legal lines, nor any reason for plaintiff to rely on such advice." On appeal by Mrs. Emmert to the circuit court judgment was

entered affirming the board's order of dismissal. Mrs. Emmert has appealed from that judgment to this court.

■ Under KRS 342.185 there is a one-year limitation on the filing of claims, which period ordinarily runs from the date of accident, but in case voluntary payments of compensation have been made, runs from the date of suspension of the voluntary payments. Payments of medical expenses are not ":voluntary payments of compensation" within the statute, and do not toll limitations. Parrish v. Briel Industries, Inc., Ky., 445 S.W.2d 119.

Following the accident on January 30, 1969, Mrs. Emmert was off work, and was paid voluntary payments of compensation, through April 13, 1969. Thereafter she returned to work and continued in her employment, except for a few days of sick leave, until October 5, 1970, when she quit. During that period she continued to incur some medical expenses, and they were paid by the employer's insurer until April 20, 1970, when the insurer notified Mrs. Emmert that limitations had run and the company no longer would be responsible for her medical bills.

Mrs. Emmert did not file a claim for compensation until December 6, 1970, which was one year and seven months after the suspension of voluntary payments of compensation, and seven months after the insurance company had given her notice disclaiming any further liability.

Mrs. Emmert's employer was the Jefferson County Board of Education. Her claim of estoppel rested on statements allegedly made to her by the clerk who handled workmen's compensation matters for the school board. The substance of the statements was that Mrs. Emmert would be "covered until her doctor re-

leased her." Mrs. Emmert claims that such a statement was made when she first returned to work after the injury, in April 1969, and was repeated on several other occasions up until April 1970, when the insurance company stopped paying medical expenses and disclaimed any further liability.

■ As hereinbefore stated, the Workmen's Compensation Board rejected the claim of estoppel on the ground that the school board's clerk had no authority to "advise along legal lines," and Mrs. Emmert had no reason to rely on such advice. Mrs. Emmert argues on this appeal that the board's ruling is erroneous because the clerk had ostensible authority. We find it unnecessary to consider the question of ostensible authority because in our opinion the statements alleged to have been made by the clerk, even if she had authority, were not such as to give rise to an estoppel.[1]

This court has adhered strictly to the view that in order to toll limitations in workmen's compensation cases, on the ground of estoppel, there must be a *false representation or a fraudulent concealment*. Logan Manufacturing Company v. Bradley, Ky., 476 S.W.2d 819 (1972); Island Creek Coal Company v. Lewis, Ky., 474 S.W.2d 361; Parrish v. Briel Industries, Inc., Ky., 445 S.W.2d 119; Cambron v. Co-operative Distributing Company, Ky., 405 S.W.2d 687. The statements by the school board's clerk in the instant case fall far short of that.

It does not appear that the subject of limitations or of time for filing a claim ever was in the minds of Mrs. Emmert and the clerk in their discussions. Mrs. Emmert's concern was with the continuation of payment of her medical expenses after she had returned to work. The clerk's

---

1. The holding in Young v. Ashland Oil & Refining Co., Ky., 442 S.W.2d 286, that the Workmen's Compensation Board's conclusions of law and award must rest upon findings of fact that it did make, not upon findings that it could have made, does not mean that a *rejection* of a claim on the wrong ground cannot be sustained by the courts if there is another, valid ground *requiring* rejection of the claim.

alleged statement that Mrs. Emmert was "covered until her doctor released her" could not rationally have been interpreted as having any relation to the period for filing a claim, because literally the statement meant that when the doctor released her, Mrs. Emmert no longer would *have* any claim. Plainly, the statement had reference only to medical expenses, and was nothing more than an assurance that medical expenses would be paid so long as they continued to be incurred. This is no different in principle from the statements and assurances in the cases above cited.

It is clear from the record that whatever was the meaning of the representations, they were not fraudulent in character and the clerk did not know they were false. And in any event the falseness was not in relation to limitations but only as to liability.

The judgment is affirmed.

All concur.